### SERB NATIONAL FEDERATION v KOVACHEVICH et

Ohio Appeals, 9th Dist, Summit Co

No 2254.  Decided April 19, 1933

Carl M. Myers, Akron, for plaintiff in error.

Stephen Gabalac, Akron, for defendant in error Radivoj Radivojevich.

PER CURIAM

This cause is before this court upon a petition in error, and a motion to strike the same from the files for the reason that no motion for a new trial was ever made in the court below.

We recognize that a motion for a new trial is not necessary in instances where the facts of the case have been embodied in a final journal entry, or an error of law appears in the judgment of the court or from the transcript.

The errors complained of in this instance are errors of fact and errors of law.  Such law questions as are made are dependent upon the issues joined in the pleadings.  The error of fact complained of is predicated upon a mistake, inadvertence and neglect of counsel.

We would also direct attention to the fact that the final journal entry objected to in this cause was in fact a consent finding, and of course no exception was saved therein.

It is the rule that the court speaks from its entry, and the entry in question recites that the cause was submitted to the court upon the pleadings and the evidence.  Referring further to the approved record, we find that it appears therein that the matter came on to be heard before the court upon statements of counsel.  It is thereinafter stated that no evidence was received, the court evidently intending to say that no testimony or exhibits were offered.  This contradiction brings us therefore back to the final entry, wherein the court recites that the cause was submitted upon the evidence; and inasmuch as the court speaks therefrom, this court, as a reviewing court, must consider the journal entry to speak the truth.

It is our opinion that, this being a consent decree, whether the discrepancy be by inadvertence or mistake, the decree presents no situation wherein this court may now determine that error exists therein.  It is, in fact, a novel proposition that a question of this kind should be raised in this court —that is, that one should now be heard to object to that to which he has theretofore consented, and we would here make remark that it seems to us that any such question should have been made to the trial court in a proceeding to vacate the judgment.

And now referring to the transcript, which we have carefully examined, we note that the questions of law raised are dependent upon the proof that was made, or could have been made, by the issuable facts in the pleadings; and the record being silent as to any proof upon these issues, we are unable to say that the trial court erred

in its conclusion. It is the rule and presumption that the trial court did not err.

It must further be remembered that this court is a reviewing court for the correction of errors, and not a fact-finding tribunal, and having searched the judgment, the transcript and the abbreviated record, we are unable to find any error apparent therein.

It is therefore the judgment of this court that the motion to dismiss be overruled, and the judgment affirmed.

FUNK and STEPHENS, JJ, concur.
WASHBURN, PJ, not participating.